UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|   |   |
|---|---|
| ROBERT GENE FETTER, <br>                 Plaintiff, <br><br> v. <br><br> NANCY ANN BERRYHILL, Acting Commissioner Social Security Administration, <br>                 Defendant. | No. 5:17-cv-05599 |

**O P I N I O N**

Plaintiff's Request for Review, ECF No. 9—Denied
Report and Recommendation, ECF No. 13—Approved and Adopted

**Joseph F. Leeson, Jr.**                                                           **January 4, 2019**
**United States District Judge**

I.       **INTRODUCTION**

Plaintiff Robert Gene Fetter applied for Social Security Disability Insurance and alleged a disability. After considering Plaintiff's application, an Administrative Law Judge (ALJ) of the Social Security Administration denied his application. Plaintiff filed a request for review in this Court under 42 U.S.C. § 405(g). ECF No. 3. United States Magistrate Judge Richard A. Lloret issued a Report and Recommendation (R&R), in which he recommends that this Court uphold the ALJ's decision and deny Plaintiff's request for review. ECF No. 13. Plaintiff objected to the R&R, ECF No. 14, and Defendant responded. ECF No. 16. For the reasons discussed below, this Court adopts the R&R, concludes that the ALJ's decision is supported by substantial evidence, and affirms the decision of the Commissioner of the Social Security Administration. Plaintiff's objection is overruled.

## II. LEGAL STANDARD

When objections to a report and recommendation have been filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

This Court adopts Judge Lloret's R&R in its entirety.[1] The Court writes separately only to address Plaintiff's objections to the R&R. Plaintiff raises one general objection to the R&R: that Judge Lloret erred by not finding that a conflict existed between the testimony of the vocational expert (VE) and the Dictionary of Occupational Titles (DOT).

Plaintiff breaks this objection into two parts. First, he argues that the VE clearly and plainly testified that a central supply worker usually and customarily performs at a medium level of exertion; contrary to how the DOT classifies the occupation. Secondly, Plaintiff argues that the context clues upon which Judge Lloret relies do not overcome the plain meaning of the VE's testimony. These arguments focus on one portion of the VE's testimony and are different sides of

---

[1] The Court notes for the record a minor inconsistency in the record regarding the date on which Plaintiff filed his claim for benefits. Some documents in the record list the date of filing as July 13, 2014, *see, e.g.*, R. 51, ECF No. 7-3, while other documents list the date of filing as July 14, 2014, *see, e.g.*, R. 126, ECF No. 7-5. This inconsistency finds its way into the ALJ's decision and Judge Lloret's R&R. Ultimately, this inconsistency is not dispositive on the issue before this Court.

the same coin—that the VE's testimony presents a conflict with the DOT classification for the central supply worker job title. After de novo review, this Court agrees with Judge Lloret that the VE's testimony does not create a conflict. The grammar used by the VE, the context of the testimony, and the participants' responses all support the conclusion that the testimony in question was intended to apply to the central supply worker job Plaintiff previously performed and not the job tittle as defined in the DOT. Therefore, Plaintiff's objection is overruled.

## IV. CONCLUSION

After de novo review, this Court agrees with Judge Lloret that the ALJ's decision denying benefits is supported by substantial evidence because the ALJ was entitled to rely on the testimony of the VE as substantial evidence as there were not any apparent or actual conflicts between the testimony and the DOT. Plaintiff's objection to the R&R is overruled, and the R&R is adopted. The Request for Review is denied, and the decision of the Commissioner of the Social Security Administration is affirmed. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge